**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**John C. West** – 007233
Direct Dial: 602.262.5781
Email: jwest@lrrc.com

**Jennifer Lee-Cota** – 033190
Direct Dial: 602.262.5368
Email: jleecota@lrrc.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Therapy Clinic; and Dr. Chris Komarnisky,<br><br>Plaintiffs,<br><br>vs.<br><br>Cigna HealthCare of Arizona, Inc.,<br><br>Defendant. | No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Cigna HealthCare of Arizona, Inc. ("Cigna") submits this Notice of Removal of the above-entitled action from the Maricopa County Justice Court of the State of Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446, and state as follows:

1. The Complaint alleges improper denial of benefits relating to outpatient physical therapy services and seeks to recover unpaid benefits.

2. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 1132(a) and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) in that it arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et. seq*.

3. On May 8, 2020, Cigna was served through the CT Corporation System with a Summons and Complaint, in the case entitled *Chandler Therapy Clinic, et al. v. Cigna HealthCare of Arizona, Inc*., Maricopa County Justice Court Case No. CC2020-071091SC. A true and complete copy of the Summons and Complaint are attached hereto as Exhibits A and B.

111331248.2

4. No other pleadings have been filed by the Plaintiffs in this action except those filed with this Court accompanying this Notice of Removal.

5. This Notice of Removal is timely filed with the District Court, as it is being filed within thirty (30) days after receipt of the Complaint by Cigna on May 8, 2020, which is the document that provides the basis for removal. *Anderson v. State Farm Mutual Automobile Insurance Company*, 917 F.3d 1126 (9th Cir. 2019).

**Basis for Removal**

6. Removal of this case is proper because this suit arises under the laws of the United States. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims raised are governed and completely preempted by ERISA. Congress granted exclusive jurisdiction to the District Courts for actions brought under 29 U.S.C. § 1132(a) to recover benefits due under the terms of an ERISA plan or to enforce rights under an ERISA plan. 29 U.S.C. § 1132(e)(1). Further, 29 U.S.C. § 1132(f) provides:

> [T]he district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

7. The Complaint alleges that Plaintiffs provided medical service to patient J.B. and demands payment for those services. J.B. is a participant and beneficiary in an employee welfare benefit plan sponsored by TMP International, LLC known as the TMP International, LLC Open Access Plus Plan (the "Plan").

8. The Plan is funded by TMP International, LLC and administered by Cigna Health and Life Insurance Company to provide specific health care benefits to its eligible employees and dependents. The plan is an "employee welfare benefit plan" as defined under ERISA.

9. The Complaint alleges Cigna failed to pay benefits due under the health plan issued or administered by Cigna for outpatient physical therapy services rendered to J.B.

10. Plaintiffs' claims are rooted in the Plan itself and represent the Plaintiffs' attempt to recover benefits alleged to be due under the Plan.

11. The Plaintiffs' claims are completely preempted and properly removed to this Court as the claims, at bottom, seek recovery of benefits under the Plan and require the interpretation and application of Plan terms.

12. The civil enforcement provisions of ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary preemptive power that it converts an ordinary state common law claim into a federal one for purposes of the well-pleaded complaint rule." *Aetna Health Ins Co., v. Davila*, 542 U.S. 200, 209 (2004).

13. The Supreme Court established a two-prong test for complete preemption under ERISA, 28 U.S.C. § 1132(a), in *Aetna Health, Inc. v. Davila*, 542 U.S. at 210. Pursuant to that test, a state law cause of action is completely preempted if (1) "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id*.

14. The first prong of the Davila test is satisfied because "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)." Specifically, the plan beneficiary could have brought the claim under 29 U.S.C. § 1132(a)(1)(B), asserting that the Plan wrongfully denied him benefits.

15. The second prong is satisfied because there is no duty implicated by Cigna's action except for the alleged wrongful failure to pay benefits under the Plan.

16. The Plaintiffs' state-law causes of action and relief are preempted as improperly duplicating, supplementing and supplanting the ERISA civil enforcement remedies and in accordance with ERISA § 502(a), these claims fall under ERISA and are thereby completely preempted. *See Davila*, 542 U.S. at 209.

17. Cigna reserves the right to amend or supplement this Notice of Removal.

18. The undersigned attorney certifies that he has caused a copy of the original Notice of Removal to be filed with the Maricopa County Justice Court of Arizona.

WHEREFORE, Cigna respectfully requests this Court to assume jurisdiction over the cause herein, as provided by law.

RESPECTFULLY SUBMITTED this 5th day of June, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/John C. West*
John C. West
Jennifer Lee-Cota
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and served the attached document by e-mail on the following, who is not a registered participant of the CM/ECF System:

Chris Komarnisky – drchriskom@gmail.com

By: *s/Ashly White*

111331248.2

5